IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKY STUEMPGES,

    Plaintiff,

v.

CITY OF SUTHERLIN, et al.,

    Defendants.

_____

Civ. No. 6:12-cv-1376-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff brings this action seeking compensatory and punitive damages for alleged violation of his rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, for assault and battery, and for negligence. Defendants filed this motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). This court has jurisdiction under 28 U.S.C. §§ 1331 & 1367. Upon review, defendants' motion to dismiss for failure to prosecute (#23) is GRANTED.

**PROCEDURAL AND FACTUAL BACKGROUND**

    This action arises out of an alleged violative search and seizure conducted on July 31, 2010 by Officer Aldous, Officer McGarvey, and Officer Hopkins. Complaint ¶ 10, July 30, 2012, ECF No. 1. Plaintiff filed this complaint on July 30, 2012. *Id*. Between July 30, 2012 and July 29, 2013, this Court granted three unopposed scheduling extensions.[1] During this extended time,

---

[1] These extensions were granted on October 22, 2012, March 18, 2013, and May 14, 2013.

1 – OPINION AND ORDER

plaintiff cancelled two depositions and failed to appear at a third.[2] Decl. of Gerald Warren ¶ 3, Aug. 21, 2013, ECF No. 24. On August 6, 2013, this court denied plaintiff's discovery extension, granted plaintiff's motion to withdraw, and scheduled a Show Cause hearing. Plaintiff's attorney, in his motion to withdraw, stated that he "ha[d] been unable to maintain contact with Plaintiff" and "[plaintiff] ha[d] not participated in litigation."[3] Pl.'s Mot. to Withdraw 2, July 29, 2013, ECF No. 14. Plaintiff's attorney found that "this failure to communicate has made representation in this matter untenable." *Id*. On August 19, 2013, plaintiff, then *pro se*, was unavailable by telephone for the Show Cause hearing. On August 21, 2013, defendants filed this motion to dismiss. Plaintiff did not respond to defendants' motion to dismiss.

## DISCUSSION

In determining whether to dismiss a claim for failure to prosecute, this Court "must weigh the following factors: (1) the public's interest in expeditious resolution of the litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given plaintiff's failure to pursue this case for more than seven[4] months, this factor weighs in favor of dismissal.

---

[2] These depositions were scheduled January 22, 2013, March 19-20, 2013, and July 18, 2013. Decl. of Gerald Warren ¶ 3, Aug. 21, 2013, ECF No. 24.

[3] Plaintiff's attorney sent "repeated letters to the client's know[n] address(es) and made phone calls to his known phone number, those letters and phone calls have not prompted communication from the client." Decl. of Clinton Tapper ¶ 3, July 29, 2013, ECF No. 15.

[4] The initial deposition, which plaintiff cancelled, was scheduled for January 22, 2013. Most recently, defendants' filed their motion to dismiss on August 21, 2013, and plaintiff failed to respond. Collectively, these cancellations

2 – OPINION AND ORDER

*See e.g.*, *Pagtalunan*, 291 F.3d at 642 ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

Second, as to docket management, this case has consumed time that could have otherwise been devoted to other cases on the docket.[5] *See, e.g.*, *Pagtalunan*, 291 F.3d at 642 ("Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, at 1227 ("This factor is usually reviewed in conjunction with the [first factor] and, as with the first factor, we give deference to the district court . . . ."). Yet, plaintiff's delays have not yet consumed "large amounts of this Court's valuable time," nor caused any "serious disruptions of the district court's schedule." *Hernandez*, at 399 (internal citations omitted). Thus, this "second factor weigh[s] in favor of the sanction, but not heavily." *Hernandez*, 138 F.3d at 399 (quoting *United States for United States for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988)) (internal quotation marks omitted).

Third, "[t]he law also presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citing *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994)) (internal citations omitted). Plaintiff cancelled two depositions, failed to appear at a third, was unavailable for the Show Cause hearing, and did not respond to this motion. Thus, the delay associated with plaintiff's cancellations and absences is unreasonable. *See supra* (footnote 4). Importantly, because this dispute concerns an incident occurring July 2010, defendants have an interest in preserving

---

and absences span a period of more than seven months. It is also important to note, that during at least a portion of this time, plaintiff failed to adequately communicate with his attorney. *See supra* (footnote 3).

[5] For example, on September 9, 2013, this Court's Deputy left a voicemail on plaintiff's answering machine requesting a return phone call. *See e.g.*, *Ferdik*, 963 F.2d at 1261 (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)) (emphasizing the importance of treating pro set litigants with great leniency when evaluating compliance with the technical rules of civil procedure in civil rights cases).

3 – OPINION AND ORDER

evidence (e.g., plaintiff's recollection). Defendants' interest in preserving evidence is likely prejudiced by plaintiff's undue delay. *But c.f. Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (finding "this factor weights in favor of dismissal regardless of whether the defendants have shown any actual prejudice."). Overall, this factor heavily favors dismissal.

Fourth, as to less drastic alternatives, this Court has considered alternatives and warned[6] plaintiff. *See generally Hernandez*, 128 F.3d at 401 ("We apply this . . . factor by looking to whether the district court discussed or tried alternatives, or warned the plaintiffs of the chance of dismissal."). Beginning on August 6, 2013, this Court scheduled a Show Cause hearing to provide plaintiff with opportunity to show cause for continuation of the case. Plaintiff missed this Show Cause hearing on August 19, 2013. On August 21, 2013, defendants filed this motion to dismiss. Plaintiff did not file a response by the September 9, 2013 deadline. This Court then provided plaintiff with an additional two-week extension to submit some form of documentation.[7] Plaintiff again failed to respond. Thus, this factor favors dismissal.

Fifth, "[p]ublic policy favors disposition on the merits." *Pagtalunan*, 291 F.3d at 643. Yet, the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1228 (quoting *In re the Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Plaintiff's conduct clearly impeded progress in this case. Thus, this factor weighs against dismissal, but not heavily.

---

[6] Because dismissal is granted pursuant to defendants' motion, "there is no warning requirement." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

[7] On September 11, 2013, this Court ordered Plaintiff to submit a response to defendant's motion and also informed plaintiff that failure to respond would result in dismissal. Scheduling Order, Sep. 11, 2013, ECF No. 26 ("Plaintiffs hall submit a Response to the Motion to Dismiss for Lack of Prosecution 23 by 9/27/2013. If plaintiff fails to respond within the time allowed, plaintiff's claim will be dismissed with prejudice.").

4 – OPINION AND ORDER

Of the five dismissal factors, four factors support dismissal. Although, as conceded, the docket-management factor does not weigh heavily in favor of dismissal, the other factors in combination lend sufficient support to dismiss this action. *See Pagtalunan*, 291 F.3d at 643 ("Three factors favor dismissal and two factors weigh against dismissal. This is a close case and, under these circumstances, we cannot say that the district court abused its discretion."); *Yourish*, 191 F.3d at 992 ("Because we have found that three factors strongly favor dismissal, we feel that the district court did not abuse its discretion . . . ."); *cf. Hernandez*, 138 F.3d at 400 ("The balance of only two factors . . . indicates that the district court abused its discretion . . . ."). Thus, plaintiff's action is dismissed with prejudice.

## **CONCLUSION**

For these reasons, defendants' motion to dismiss for failure to prosecute (#23) is GRANTED.

IT IS SO ORDERED.

DATED this 30th day of September, 2013.

_____s/ Michael J. McShane_____
Michael J. McShane
United States District Judge